IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER DESMOND, | § | |
| | § | No. 383, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID N91009844DI |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 11, 2018
Decided: November 13, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice to show and the appellant Christopher Desmond's response, it appears to the Court that:

(1) In November 1992, a Superior Court jury convicted Desmond of ten counts of Robbery in the First Degree as well as other related offenses. This Court affirmed the Superior Court's judgment on direct appeal.[1] Since that time, Desmond has filed a number of unsuccessful motions and petitions challenging his 1992 convictions in this Court, the Superior Court, and the United States District Court for the District of Delaware. In February 2015,

---

[1] *Desmond v. State*, 654 A.2d 821 (Del. 1994).

the Court directed the Clerk of the Court to refuse any filings from Desmond unless the filing was accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e) and that motion was granted by the Court.[2]

(2) On July 25, 2018, Desmond filed a notice of appeal from the Superior Court's order dated July 10, 2018, summarily dismissing his eleventh motion for postconviction relief. He also filed a motion to proceed *in forma pauperis*, certifying that he had made a diligent and good faith effort to determine what relevant case law controls the legal issues on appeal and that he had no reason to believe that his claims are foreclosed by controlling law. The Senior Court Clerk issued a notice directing Desmond why his appeal should not be dismissed for Desmond's certification that he had no reason to believe that his claims are foreclosed by controlling law.

(3) Desmond's response to the rule to show cause does not address his certification that he has no reason to believe that his appeal from the Superior Court's summary dismissal of his untimely and repetitive eleventh motion for postconviction relief is controlled by settled law. Instead, Desmond responded to the notice to show cause by filing a "Motion to Recuse

---

[2] *Desmond v. Biden*, 2015 WL 631582 (Del. Feb. 11, 2015).

2

the Bench." There is no basis for Desmond's recusal motion. Moreover, it is clear that Desmond's eleventh motion for postconviction relief was foreclosed by settled Delaware law. His appeal, therefore, is subject to dismissal.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice